Bordewell *v.* Colie.

---

AARON BORDEWELL, Respondent, *v.* SAMUEL D. COLIE, Appellant.

(GENERAL TERM, EIGHTH DISTRICT, SEPTEMBER, 1869.)

To maintain an action for breach of the implied warranty of title, on a sale and delivery of a chattel, there must have been a retaking of the property by the real owner, but not necessarily eviction by process of law. The vendee may surrender possession to the claimant, and assume the onus of proving the superior title.

If there be no actual dispossession, judicial determination against the vendee, establishing the paramount title of the real owner, with a recovery of the value and payment of the recovery, is tantamount to eviction. Per BARKER, J.

A warranty of title, on sale of personal property, is similar in nature to the covenant for quiet enjoyment in deeds of real estate, and should, by analogy, receive like construction. Id.

It is, it seems, the tendency of courts governed by the rules of the common law, to favor and facilitate remedies on covenants of title, and to moderate the ancient rule, which is, in many cases, severe and unjust to the purchaser.

The vendor of a chattel, who, after his vendee has suffered lawful eviction, voluntarily pays the latter's claim for indemnity, may proceed against his own vendor on the implied warranty of title; and he may also give a cause of action by assignment.

Bordewell *v.* Colie.

THIS was an appeal from a judgment for the plaintiff, for $137.50, upon a trial by the court, at the Erie circuit in November, 1868.

The plaintiff brought the action as assignee, and upon an implied warranty of title, on the sale of a horse. One Richter while owner of the horse, had mortgaged it to one Lodewick, and afterward sold it to the defendant; the defendant sold to one Douglass, who sold to plaintiff, and plaintiff sold to one Smith. All these parties acted in good faith, and without knowledge of the mortgage, except Richter, and at each of the respective sales the vendor was in possession, and his vendee acquired immediate possession from him.

An assignee of the mortgage took the horse thereon, from the possession of Smith; Smith called on the plaintiff for repayment of the purchase money, which plaintiff paid, and then called on Douglass to refund the purchase money paid to him, being the same amount ($125); Douglass adjusted the matter by assigning to the plaintiff his claim, growing out of the sale by the defendant to him, and was thereupon discharged from liability by the plaintiff.

*George Wadsworth,* for the appellant.

*Corlett & Tabor,* for the respondent.

Present—DANIELS, LAMONT and BARKER, JJ.

By the Court—BARKER, J. On the sale of the property by the defendant to Douglass, there was an implied warranty by the vendor, that he had a good title; the effect of which was that the vendee should be free from lawful eviction by other claimants.

In regard to agreements of this character, the rule is general, that if the vendor have no title at the time of the sale and delivery, the vendee can have no substantial relief until he has actually suffered an injury. It is not sufficient that he is menaced by an outstanding title or incumbrance. The covenantee cannot have an action against his vendor until

Bordewell *v.* Colie.

he has been damnified in consequence of a breach of the implied warranty.

It is then the real question in this case, whether the plaintiff has presented sufficient and competent evidence that the defendant had no title to the horse sold; and if so, has Douglass, the defendant's vendee, been actually damnified by the breach of the agreement?

The warranty is broad enough to protect the buyer against liens and incumbrances on the property, and is wholly executory in its nature. There having been a full and unqualified delivery of the property to the vendee, in this action the burden of proof is on him and those who claim under him.

There must be a recovery by the real owner of the property, before an action can be maintained, and this is in the nature of an eviction.

The first inquiry will be, must the eviction be by process of law; or may the vendee surrender possession to the real owner, and assume the burden of proving the superior title of the claimant to whom he surrenders.

I have arrived at the result, upon an examination of the authorities bearing upon the question, and upon principle, that an eviction by process of law is not necessary.

A warranty of title on sale of personal property is similar, in its nature, to the covenant for quiet enjoyment contained in deeds of real estate, and should by analogy receive like construction. In the latter class of cases, eviction by *process of law* is not necessary, to enable the covenantee to maintain an action for a breach of the covenant. (*Greenvault* v. *Davis*, 4 Hill, 643; *St. John* v. *Palmer*, 5 Hill, 599.)

It is submitted that there is no adjudicated case in this State, where it is expressly or necessarily held, that the rule is as claimed by the defendant. The case of *Case* v. *Hall*, (24 Wend., 102), is cited and relied upon, as asserting and maintaining the necessity of an eviction by process of law. Upon a careful examination of the same, it will be seen that no such proposition is attempted to be supported, and the facts of the case did not call for any such holding; as it

appeared that the vendee was in the full enjoyment of the subject of the sale, and had not been prosecuted by the claimant, and his defense failed.

It will also be observed, that this case was adjudicated, before the courts of this State had distinctly held, that in actions on covenants real, it was only necessary that there should be an actual surrender to the party having the paramount title.

In *Sweetman* v. *Prince* (26 N. Y., 224), it is clearly and distinctly held by the court, that the purchaser of personal property may voluntarily surrender the same upon the demand of the true owner, and then maintain an action against the seller, taking upon himself the onus of showing the title of the claimant. It may be said that it was not necessary to decide that question in disposing of the case, but it was fully discussed by the court, all the judges concurring.

As between the possessor of personal property, under a sale and delivery to him, and the real owner, there may be recovery of the latter against the former for the value of the property, upon demand and refusal. In such a case, on payment of the recovery, it is held as being tantamount to an eviction, and enables the vendee to maintain an action against his vendor for the damages he has sustained. But, so long as the vendee is in the enjoyment of the thing sold, he cannot maintain an action against his vendor; nor can he, by an amicable arrangement, settle with the claimant, and extinguish the adverse title. He must either submit to an eviction, or there must be a judicial determination in favor of the adverse claimant. (*Case* v. *Hall*, 24 Wend., 102 ; *Delaware Bank* v. *Jarvis*, 20 N. Y., 230.) The proposition that an eviction by process of law is not necessary to enable the buyer to proceed by action against the seller, is supported by authority.

In *Dresser* v. *Ainsworth* (9 Barb., 620), the action was on a note given by the buyer for the purchase of personal property. At the time of the sale, the property was under a

levy, by execution, and the property was in the actual posses-
sion of the seller, and full and complete possession was
acquired by the buyer.    Afterward, the sheriff sold the
property, taking it from the possession of the vendee.    A
question was made whether the defendant in the execution
was the owner of the property or not, which it is quite
unnecessary to state.    The defense was a breach of an
implied warranty of title, and the court held that the
defendant was in a situation to defend the note, remarking:
" The burden of proof on the defendant here, was to show
that Lyon (the purchaser at the sheriff's sale) had a right to
the property, and that was all he had to prove, except that
Lyon had taken the property by virtue of such right."    The
lien by levy is an incumbrance on the property, by means
of which the title may be lost to the owner, by a sale
afterward to be made.    It is very similar to the mortgage
lien, in the case before us.    At least there was no eviction
by process of law, in the sense of that term, as used in this
connection.    It means the process used after final adjudication,
to deliver the possession of the property, the title of which
has been in controversy, to the successful party.

In *Rew* v. *Barber* (3 Cow., 272), the action was upon an
implied warranty of title on the sale of a horse.    At the time
of the sale by the defendant to the plaintiff, the horse was
under a levy by execution, against a former owner, who sold
to the defendant after the levy, who had no knowlege of the
lien.    At the time of the sale the horse was in the possession
of the vendor, and the vendee acquired complete possession,
and the sheriff took the horse from his possession and sold
him.    In this case, the right of the sheriff to take the prop-
erty from the possessor was no greater than the right of
Stellwagen, the assignee of the mortgage, to take the horse
in controversy from Smith.    Each proceeded by virtue of
his lien.    In each case the possessor could have compelled
the claimant to resort to an action to secure the possession.
I cannot, in principle, discover any difference between the
cases last cited and the one now before us.    I do not discover

Bordewell *v.* Colie.

any reason why the courts are called upon to maintain a different rule in actions based upon a breach of warranty of title on the sale of personal property, than is adopted in a like action in sale of real estate. The law of this State, requiring an eviction in fact before the action can be maintained, is not adopted and followed in Massachusetts in actions on real covenants for quiet possession and warranty of title. In that State the covenantee may buy in an outstanding title and not submit to an eviction, and then maintain an action on his covenants. (*Whitney* v. *Dinsmore*, 6 Cush., 129; *Estabrook* v. *Smith*, 6 Gray, 570.) The tendency of all courts, governed by the rules of the common law, is to favor and facilitate remedies, on covenants of title, and to moderate the ancient rule, which, in many cases, is severe and unjust on the purchaser.

There having been an eviction, in fact, as against Smith, it must be treated the same as if it was at Douglass' own hands, the defendant's vendee. If the buyer can submit to an eviction, upon the claim of the real owner, and thereby place himself in proper attitude to pursue his remedies against the seller, no reason occurs to my mind, why, after actual eviction from the possessor, an intermediate vendor may not voluntarily, and without action, pay the just demand for indemnity made by his vendee. This, Douglass did. He satisfied Bordewell, his vendee, by assigning to him his claim against the defendant. The legal effect of the transaction between Bordewell and Douglass is the same, as if Douglass had paid in cash to Bordewell, $125, in satisfaction of his demand on him, and then Douglass had sold, and assigned his demand against Colie for the same $125. No hardship can be imposed upon vendors, by adopting the views here expressed, for in no case, can there be a recovery against them, until they are brought into court, and have a fair and complete opportunity to defend their title, in actions where the burden of proof is on those who assail such title. The judgment appealed from should be affirmed with costs.

Judgment affirmed.